PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| COURTNEY CURTIS | ) |
| | ) CASE NO. 4:22cv296 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| WARDEN F. GARZA, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

*Pro se* Plaintiff Courtney Curtis, a federal prisoner in FCI Elkton, filed this *Bivens*[1] action against FCI Elkton Warden Garza, FCI Elkton Assistant Warden Burnside, Bureau of Prisons ("BOP") Director Michael Caraval, BOP Northeast Regional Director Nicole English, FCI Elkton Lieutenant Mayle, FCI Elkton Lieutenant Edwards, FCI Elkton Counselor Schoolcraft, FCI Elkton Case Manager Keshock, FCI Elkton Unit Manager Wicks, FCI Elkton Counselor Parry, and FCI Elkton Employee John Doe. In the Complaint, Plaintiff alleges that the Defendants retaliated against him or failed to protect him from retaliation, subjected him to cruel and unusual punishment, and denied him access to the courts by refusing to sign his trust account statement. He claims this violated his First and Eighth Amendment rights. He seeks monetary damages and injunctive relief.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:22CV296)

## I. Background

Plaintiff's Complaint contains few factual allegations. He suggests that he filed a large number of grievances. He contends Schoolcraft retaliated against him for filing grievances by delaying her responses to them and by bumping into him with a bag of trash. ECF. No. 1 at PageID #: 5. He alleges Wicks retaliated against him by refusing to meet with him for a month. Id. He claims Edwards encouraged him to stop filing grievances until he got a new team. Id. at PageID #: 6. He states, without explanation, that John Doe placed him in segregation for emails. Id.

In addition, Plaintiff alleges that Warden Garza, Associate Warden Burnside, Lieutenant Mayle, Lieutenant Edwards, BOP Director Caracval, and BOP Northeast Regional Director English failed to protect him from retaliation after he informed them actions taken against him. Id. at PageID #: 5-6. He also contends Garza and Burnside attempted to reduce the number of inmate grievances by requiring inmates to present grievances through a chain of command before allowing them to proceed to the next level, and limiting the number of photocopiers and printers. Id. at PageID #: 7-8.

Finally, Plaintiff alleges that Parry, Keshock, and Wicks denied him access to the Courts. ECF No. 1 at PageID#: 7-9. He contends they would not sign his inmate account statements so that he could request to proceed *in forma pauperis* in court actions.

2

(4:22CV296)

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. Bell Atl. Corp., 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir.1998).

(4:22CV296)

### III. Law and Analysis

Before addressing the merits of Plaintiff's legal claims, the Court must determine whether *Bivens* provides a cause of action in these contexts. The United States Supreme Court recently clarified that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied, absent the presence of special factors. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017). Congress provided a specific damages remedy for Plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983; however, they did not provide a corresponding remedy for constitutional violations by federal officials. In *Bivens*, decided in 1971, the Court recognized an implied damages action to compensate persons injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. Since then, the Court allowed *Bivens* remedies in only two other contexts: (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) in an Eighth Amendment Cruel and Unusual Punishments Clause case, *Carlson v. Green*, 446 U.S. 14 (1980). The Court has not approved of an implied damages remedy under the Constitution itself. *Ziglar*, 137 S.Ct. at 1855.

The Supreme Court explained the decision to limit the implied damages remedy stating that *Bivens*, *Davis*, and *Carlson* were decided at a time when the prevailing law assumed that a proper function of the courts was to "provide such remedies as are necessary to make effective" a statute's purpose. *Id*. (quoting *J.I. Case Co. v. Borak*, 377 U.S. 426, 433 (1964)). The Court has since adopted a far more cautious approach, looking instead to statutory intent to determine whether Congress intended to create a private right of action under those circumstances. *Id*.

4

(4:22CV296)

(citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) and *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). "Similar caution must be exercised with respect to damages actions implied to enforce the Constitution itself." *Id*. at 1956. While *Bivens* is still well-settled law in its own context, expanding *Bivens* to new contexts is now "disfavored." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Therefore, when a plaintiff seeks to assert an implied cause of action under the Constitution, "separation-of-powers principles should be central to the analysis." *Ziglar*, 137 S.Ct. at 1857. Specifically, Courts should ask whether Congress or the judiciary should decide when to authorize a damages suit. *Id.* (citing *Bush v. Lucas*, 462 U.S. 367, 380 (1983)). The Supreme Court states that most often, this question will be answered in favor of Congress, because the Legislature is in a better position to determine if the public interest will be better served by creating a "new substantive legal liability." *Id*. *Bivens* will not be extended to a new context if there are "'special factors counseling hesitation in the absence of affirmative action by Congress.'" *Id.* (quoting Carlson, 446 U.S. at 18). If there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong, Courts must refrain from creating that kind of remedy. Furthermore, if there is an alternative remedial structure in place to address a given situation, the Court should not infer a new *Bivens* cause of action. *Id.* at 1858.

In this case, Plaintiff seeks to assert First Amendment claims for retaliation and denial of access to courts under *Bivens*. These are not one of the existing contexts in which a *Bivens* remedy has been implied. Given the Supreme Court's decision in *Ziglar*, the Court will not

(4:22CV296)

imply a damages remedy under *Bivens* in those contexts. The Court expresses no opinion on whether Plaintiff has a viable cause of action under state law to assert those claims.

Plaintiff also asserts a claim for violation of his Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988); *see Thaddeus-X v. Blatter,*175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and

6

(4:22CV296)

unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's Eighth Amendment claims fail to meet the objective criteria. Placement in segregation, alone, is not sufficient to meet the objective criteria. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008); *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003). Requiring additional informal grievance steps, bumping into him with trash bags, refusing to meet with him, delaying meetings and limiting the number of photocopiers and printers are not the type of conditions that affect a prisoner's health or safety. These are mere inconveniences or annoyances and do not rise to the level of an Eighth Amendment violation.

(4:22CV296)

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 April 29, 2022  *Benita Y. Pearson* /s/
Date  Benita Y. Pearson
 United States District Judge